JOHN STOCKS and another, plaintiffs in error, *vs.* JOHN K. MONCAS, defendant in error.

1. S. and J. indorse to M. certain promissory notes, "to be liable in the second instance." The maker of the notes resides out of the State at the time of the indorsement. M., after having sued the maker to insolvency, in another State, brings suit against the indorsers, within six years after the return of *nulla bona* against the maker, though not within six years after the date of the indorsement: *Held*, That the action against the indorsers was not barred by the statute of limitations.

Assumpsit, in Polk Superior Court. Tried before Judge D. F. HAMMOND, at November Term, 1860.

This action was brought by John K. Moncas, for the use of Garret Copeland, against John Stocks and another,

indorsers, to recover the sum due on certain notes against one Reeves, indorsed by defendants, "to be liable in the second instance."

The facts necessary for an understanding of the questions adjudicated, are stated in the opinion of the Court.

CHISHOLM, FIELDER, SHROPSHIRE, for plaintiff in error.

BROYLES, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

Stocks and Ledbetter indorsed, to be liable in the second instance, sundry notes of Reeves to one Moncas—some under seal and some not. This fact, however, although important in one aspect in which this case is presented, will make no difference in the view we take of it. These notes and single bills, or bonds, had been once in circulation, and taken up and re-issued; and this indorsement made by Stocks and Ledbetter was some time after the notes fell due.

From the testimony of young Stocks, the son of the party, we think it pretty clear that Reeves, the principal, was living out of the State at the time. Stocks and Ledbetter, immediately after the indorsement, gave the indorsee, Moncas, notice under our statute, to sue. He did not sue within three months, but did sue the notes to insolvency during the year 1842. Moncas commenced his action against Stocks and Ledbetter within six years after the return of *nulla bona* against Reeves, in North Carolina, though not within six years after the indorsement by Stocks and Ledbetter in May, 1840.

Now, the position taken by the indorsers is, that on account of the non-residence of the maker, a right of action accrued to Moncas to sue the indorsers forthwith; and failing to do so, he is barred of his action. Conceding that the indorsee might have sued the indorsers in the first instance, still, was he bound to do so? And shall he suffer for fulfilling his contracts—to sue the maker to insolvency? Was it not contemplated that he should sue the maker to insolvency? Did he

not bargain to do it? And if Reeves lived in North Carolina at the time, and the proof leaves no doubt upon this subject, was it not his duty to first sue him? Did not the indorsers only undertake to be liable in the second instance? And does it lie in their mouths to object that it was done? It cannot be presumed that the indorsers would have transferred the notes, and stipulated that the maker should be sued to insolvency, when the effect was to bring suit against them in the first instance.

It seems to us, that the proposition has only to be stated, to commend itself to the judgment and approval of any man.

The statute of a sister State, Alabama, is cited, to the effect that the maker of the note must be sued to insolvency to the first Court, or the indorser is discharged. It has been held that the non-residence of the maker will excuse the holder. Surely, it is a sufficient excuse in all cases where that fact is not known to both parties, and they contract in reference to to it. But the obligation created by statute and contract are different. But we do not put this case upon that difference. We say the holder may sue the non-resident maker in terms of his contract, and it is not for the indorser to object, if he does.

Let the judgment be affirmed.